## MARY JANE LE SUER v. JULIA LE SUER.

## SAME v. F. C. NUFFER.

## SAME v. CHARLES J. DOCK.[1]

July 11, 1913.

Nos. 18,165, 18,166, 18,167—(200, 201, 202).

**Marriage — evidence — finding.**

It is mutual, present consent, lawfully expressed, which constitutes a mar-

[1] Reported in 142 N. W. 593.

---

Note.—On the question of cohabitation as proof of marriage, where it begins unlawfully, see note in 14 L.R.A. 364. And for cohabitation as ratification of forced marriage, see note in 27 L.R.A. (N.S.) 805.

As to presumption flowing from marriage ceremony, see notes in 16 L.R.A. (N.S.) 98 and 34 L.R.A. (N.S.) 940.

riage. Cohabitation as husband and wife is evidence of marriage, but not conclusive evidence. It may be rebutted by the conduct of the parties. The finding of the trial court that appellant was not the lawful wife of the decedent *held* sustained by the evidence.

Three actions for partition in the district court for Pipestone county. The cases were tried before Nelson, J., who made findings and ordered judgment in favor of intervener Aslesen in one case and of the defendants in the other cases. From orders denying new trials, plaintiff appealed. Affirmed.

*A. J. Daley* and *Morris Evans,* for appellant.

*Janes, Howard & Janes,* for respondents.

TAYLOR, C.

The above actions were tried together and all three are submitted to this court upon one record.

Erastus P. Le Suer died June 23, 1910. In his lifetime, his wife, Julia, joining with him therein, he conveyed to third persons three different parcels of land formerly owned by him. Through mesne conveyances, intervener Aslesen has become the owner of one of these parcels, defendant Dock of another, and defendant Julia Le Suer of the other. After his death, appellant, alleging that she is the surviving wife of Le Suer; that she had not joined in the conveyances made by him; and that, as such surviving wife, she is the owner of an undivided one-third of all lands owned by him in his lifetime, brought these actions for partition of the three parcels above mentioned.

The question for determination is whether appellant was the lawful wife of the decedent and is purely a question of fact.

Appellant bases her claim, not upon a common law marriage, but upon a ceremonial marriage which she testifies was solemnized on the third or fifth day of May, 1850, at the country hotel, at Gerry, New York, then conducted by the father of Erastus P. Le Suer.

Her claim as to this ceremonial marriage is positively and emphatically contradicted by other testimony in the case, and there is no record evidence of any such marriage. The trial court was justi-

fied in finding that the ceremonial marriage to which she testified did not take place.

It is undisputed, however, that she and Erastus P. Le Suer, at or about that time, began cohabiting together and announced that they were married. Considering, as we must, the evidence favorable to the findings of the trial court, it tends to show that she lived with Erastus in New York for a considerable time, and a child was born to them; that she then left him and went to Minnesota with another man; that about a year later she wrote Erastus from Minnesota that she and the child had been abandoned, and he brought her back to New York, where they lived together for perhaps a year; that she and the same man with whom she had previously gone to Minnesota again disappeared, and, six months or a year later, Erastus received another letter saying that she was again in Minnesota alone; that Erastus went to Minnesota and they resumed their former relations until 1857 or 1858, and another child was born to them; that in 1857 or 1858 she again left, leaving her children behind, and never thereafter lived with Erastus; that Erastus placed the children with relatives while he was away at work, and a few months later she came and obtained possession of them by means of a letter to which the name of Erastus had been forged, and again disappeared; that shortly before the civil war Erastus went south in search of his children; that he returned to Minnesota in 1866 with another woman whom he presented as his wife and they lived together as husband and wife until her death; that thereafter he married one Anna Schmit, with whom he lived until her death and several children were born to them; that thereafter and on June 23, 1880, he married defendant, Julia Le Suer, with whom he lived until his death, a period of 30 years, and one child was born to them; that soon after leaving Le Suer in Minnesota, appellant went to New Orleans where she has ever since resided; that not long after taking up her residence in New Orleans, she informed her relatives that she was married to a man by the name of Thompson and has ever since been known as Mrs. Thompson; that she knew of each of the marriages of Le Suer and where he resided, but, after leaving him in 1857 or 1858, never made any claim to have been his wife until after his death.

That parties cohabit as husband and wife and hold themselves out as such is evidence of marriage, but not conclusive evidence. It may be done for the purpose of concealing their illicit relations. To constitute a valid common-law marriage the parties must contract with each other to be husband and wife. "It is mutual, present consent, lawfully expressed, which makes marriage." If they cohabit without such understanding and agreement, they are not husband and wife however long such relation may continue. Hulett v. Carey, 66 Minn. 327, 69 N. W. 31, 34 L.R.A. 384, 61 Am. Rep. 419; In re Terry's Estate, 58 Minn. 268, 59 N. W. 1013; Hemin-way v. Miller, 87 Minn. 123, 91 N. W. 428; State v. Worthingham, 23 Minn. 528.

In the instant case, the evidence as to marriage is the testimony of appellant as to a ceremonial marriage, which is flatly contradicted by a witness who testifies that she was present at the time and place where the ceremony is claimed to have been performed, and the fact that the parties cohabited for some years as husband and wife and held themselves out as such. This cohabitation was interrupted twice before it was finally terminated. From the evidence, it may be inferred that these interruptions occurred because appellant assumed similar relations with another than Le Suer. For more than 50 years all relations between them ceased. One and perhaps both were married to other innocent parties. With knowledge of the different marriages made by Le Suer, the only assertion of any rights as wife made by appellant in 50 years is this attempt to secure a portion of his property after his death. Any presumption in her favor that may have existed while they were living together is overcome by the conduct of the parties. 19 Am. & Eng. Enc. (2d ed.) 1206.

The province of this court is to determine whether the conclusions of fact drawn from the evidence by the trial court are reasonably supported thereby. The evidence disclosed by the record is amply sufficient to sustain the several decisions and the order appealed from is affirmed in each case.

PHILIP E. BROWN, J., took no part.