IN RE ESTATE OF BABETHA NOSER.
WILLIAM AHNEMAN, APPELLANT.[1]

May 29, 1930.

No. 27,899.

[1]Reported in 231 N. W. 199.

464

■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■   ■■■■■■

*D. C. Sheldon*, for appellant.
*P. E. Sargent*, for Werner Noser, Sr. respondent.

HILTON, J.

Appeal by William Ahneman, administrator of the estate of Babetha Noser, deceased, from an order denying his motion for a new trial.

In 1874 August Noser and his wife, Babetha, with their two sons came from Europe to Dodge county, Minnesota. Three daughters were afterwards born to them. In 1878 Werner Noser, a nephew of August, 20 years of age (12 years the junior of Babetha) came to Dodge county and was received into the home of August, where he remained a part of the time. Shortly prior to October, 1886, he became criminally intimate with Babetha. In October, 1886, she attempted to secure a divorce from August on the ground of cruel and inhuman treatment but was unsuccessful. The criminal relations continued. An illegitimate son was born to Werner and Babetha in 1887. August then left home, and Werner remained there except while working elsewhere. There were two other illegitimate sons born to them, one in 1890 named Werner Noser, and one in 1892. The official birth certificates listed these three sons as illegitimate. August continued to live in the same neighborhood until his death in May, 1917. The death of August removed the impediment to the marriage of Babetha and Werner, hereinafter referred to as Werner, Sr.

Werner, Sr. with Babetha moved to Pine Island in October, 1917. They lived there together, occupied the same bedroom and slept together and in other ways evidenced a changed and more intimate relationship.

Many witnesses testified that after August's death they were reputed to be husband and wife and lived together as such. Cards

were then received addressed to them as Mr. and Mrs. Werner Noser, Sr. After August died grandchildren called Werner, Sr. and Babetha "Grandpa" and "Grandma"; he was formerly referred to by children as "Uncle," but then as "Dad."

Babetha died in January, 1928, leaving a heavily encumbered estate. The probate proceedings named her children as the sole heirs. Werner, Sr. interposed a claim that he was her common law husband, demanding his share of the estate as such under the statute. His claim was denied by the probate court, and an appeal taken to the district court. The case was tried to the court and a jury.

The court submitted three questions for the jury's determination:

"1. Did Werner Noser, Sr. and Babetha Noser, at a time when they could lawfully make such an agreement, agree by mutual present consent to be husband and wife?

"2. Did they cohabit, that is, live together, under said agreement, as husband and wife?

"3. Did they hold each other out to the public, under said agreement, as being husband and wife?"

No reason was given for appellant's request to withdraw the questions from the jury. It answered each question in the affirmative. There were numerous assignments of error, the first and most important being that the verdict and answers are not justified by the evidence and are contrary to law.

Evidence was offered which justified the jury in believing that the conditions changed after the death of August; that the conduct of the parties toward each other was such as to support the claim that an agreement existed to become common law husband and wife. Werner, Sr. called Babetha his wife in the presence of others. There was evidence on the part of appellant opposing the claim that a common law relationship existed between the parties. Some acts of Babetha were inconsistent with the claim of a common law marriage. However most of them were probably due to her lack of familiarity with the English language and her inability to do more than sign her name.

Any presumption that the previous illicit relations continued after August's death was overcome if the jury believed the testimony to the contrary, as it had a right to do. In order to prove a common law marriage the evidence must show facts and circumstances establishing a contract between the parties to be husband and wife. A present mutual consent lawfully expressed is necessary; mere cohabitation as husband and wife is evidence of marriage but is not conclusive. A common law marriage was thus established within the rule laid down in LeSuer v. LeSuer, 122 Minn. 407, 142 N. W. 593. See also State v. Worthingham, 23 Minn. 528. It was for the jury to reach a conclusion after a consideration of all of the evidence. The verdict of the jury had the approval of the trial court. Under evidence properly admitted the jury had the right to believe that a common law marriage relation existed. We are not to try the case over on the record before us. The verdict contained an affirmative answer to each question and should not be disturbed. 5 Dunnell, Minn. Dig. (2 ed.) § 7142, and cases cited.

The remaining assignments of error had largely to do with rulings on evidence and instructions given the jury. We have carefully considered them all and find no error therein.

Order affirmed.